Filed 11/22/21  P. v. Shaffer CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C093843 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CF03755) |
| v. | |
| MAX BRADLEY SHAFFER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Max Bradley Shaffer filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we find no arguable error that would result in a disposition more favorable to defendant and affirm.

1

## BACKGROUND

On December 10, 2020, defendant was charged in a first amended information with first degree robbery (Pen. Code, § 211; count 1),[1] assault with a firearm (§ 245, subd. (a)(2); count 2), and false imprisonment by violence (§ 236; count 3). Various enhancements for personally using a firearm during the offenses were also alleged. (§§ 12022.5, subd. (a), 12022.53, subd. (b).) That same day, defendant pleaded no contest to count 1 in exchange for dismissal of the remaining counts and allegations with a *Harvey*[2] waiver. The parties stipulated to the probation report as the factual basis for the plea.

According to the probation report, which was based on information derived from Chico Police Department report No. 20-003282, on the afternoon of June 20, 2020, defendant and a cohort arrived at a residence in Chico to sell the victim marijuana; the victim's girlfriend was also present. As the victim bent over to inspect the marijuana, he was struck on the head and fell to the floor. Defendant and his friend continued to strike and kick the victim, and defendant hit the victim in the head with a firearm. Defendant demanded to know where the victim's money was located, and the victim eventually told him it was hidden in the bathroom shower. Defendant took money and other personal items before binding the victim and the victim's girlfriend together and fleeing.

On March 25, 2021, the trial court sentenced defendant to the midterm of four years in state prison. The court imposed a theft fine and assessments of $39 (§ 1202.5), a $40 court operations assessment (§ 1465.8), a $30 criminal conviction assessment (Gov. Code, § 70373), a $300 restitution fine (§ 1202.4), and a $300 parole revocation restitution fine (§ 1202.45), which was stayed unless parole was revoked. The court

---

[1] Further undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

awarded defendant 235 days of actual credit plus 35 days of conduct credit for a total of 270 days of credit.  Defendant timely appealed without a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief asking this court to review the record pursuant to *People v. Wende, supra*, 25 Cal.3d 436.  Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we received no communication from defendant.

Having examined the record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


          /s/
          HOCH, J.



We concur:



  /s/
RAYE, P. J.



  /s/
DUARTE, J.


3